UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN RAWLS,

        Plaintiff,

                                    CASE NO. 2:09-CV-12704
v.                                    HONORABLE ARTHUR J. TARNOW

BRUNO, et al.,

        Defendants.
                                            /

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING COMPLAINT**

**I. INTRODUCTION**

      Plaintiff John Rawls ("Rawls"), a state prisoner currently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, as well as an application to proceed without prepayment of fees and costs so that he may proceed without prepayment of the $350.00 filing fee for this case. *See* 28 U.S.C. § 1915(a)(1). The actions giving rise to Rawls' complaint occurred while he was incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan in 2006. Rawls names Corrections Officers Bruno, Bossel, Kemla, and Newhall and Grievance Coordinator K. Sheets as defendants in this action. Rawls alleges that Bruno threw his food tray into his cell, squirted juice on his floor, hit him with a food tray, called him a derogatory name and made a derogatory gesture, made noise with his window shutters, and looked into his cell and made annoying faces in the summer of 2006. Rawls also alleges that Bossel and Kemla looked into his cell, annoyed him, and made derogatory remarks

1

and that Newhall violated his constitutional rights during that time period. Rawls further alleges that Officer Bossel squirted toothpaste in his cell, called him names, verbally harassed him, refused to give him ice cream, and gave him annoying looks in May and July, 2006. Rawls alleges that K. Sheets improperly rejected his grievances. Rawls asserts a violation of his First, Fifth, and Fourteenth Amendment rights and seeks compensatory and punitive damages. For the reasons stated, the Court denies Rawls' application to without prepayment of fees and costs and dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

## II. DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district

court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

The Court's records reveal that Rawls has filed more than three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Rawls v. Higbie*, No. 1:99-cv-00806 (W.D. Mich. Jan. 10, 2000); *Rawls v. Kruger*, No. 4:95-cv-00103 (W.D. Mich. July 5, 1995); *Rawls v. Williams*, No. 4:94-cv-00131 (W.D. Mich. Aug. 26, 1994); *Rawls v. Williams*, No. 1:93-cv-00924 (W.D. Mich. May 4, 1994); *Rawls v. Greer*, No. 4:93-cv-00186 (W.D. Mich. Jan. 28, 1994); *Rawls v. Williams*, No. 4:93-cv-00188 (W.D. Mich. Jan. 10, 1994); *Rawls v. Hogle*, No. 4:93-cv-00187 (W.D. Mich. Jan. 10, 1994).  He has also been denied leave to proceed without prepayment of the filing fee in a prior civil case.  *See Rawls v. Player Int'l. Pub.*, 5:99-cv-00061 (W.D. Mich. Aug. 3, 1999).

Consequently, Rawls is a "three-striker" who cannot proceed without prepayment of the filing fee in this case unless he can demonstrate that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To fall within this statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and that the danger of serious physical injury must exist at the time the complaint is filed.  *See Rittner v. Kinder*, 290 Fed. Appx. 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).  A prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception.  *Id*.  The events giving rise to Rawls' complaint, i.e., the alleged improper food service, verbal harassment,

annoying looks and facial expressions, and denial of grievances in 2006, do not pose any threat of imminent danger of serious physical injury in 2009. Rawls has failed to show that he falls within the exception to the three strikes rule.

### III. CONCLUSION

Based upon the foregoing, the Court concludes that Rawls has filed more than three previous lawsuits which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted and that he has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Court **DENIES** Rawls' application to proceed without prepayment of fees or costs and **DISMISSES** his complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee. The Court notes that any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed pursuant to 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

*Rawls v. Bruno*
No. 2:09-CV-12704
Page 5 of 5

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and, therefore, cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

        S/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated: July 17, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 17, 2009, by electronic and/or ordinary mail.

        S/Catherine A. Pickles
        Judicial Secretary